**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| STEPHEN P. LAFFEY<br>Plaintiff | : | [redacted] 05 206 |
| Vs. | : | NO.05- |
| ROGER N. BEGIN, in his capacity as Chairperson of The Rhode Island Board of Elections and THE RHODE ISLAND BOARD OF ELECTIONS | : | [redacted] 05 206ML |

## MOTION FOR ENTRY OF APPEARANCE PRO HAC VICE

Plaintiff Stephen P. Laffey hereby moves that Tom Marcelle be admitted pro hac vice in the above case as associate trial counsel with local associate counsel identified below, on the following grounds:

- The case involves the following complex areas of the law, in which pro hac vice counsel specializes: Freedom of Speech. (Counsel's Resume is attached.)
- Pro hac vice counsel's long-standing representation of the client: Stephen P. Laffey.
- The local trial bar lacks experience in the filed of: ____________________.
- The case involves complex legal questions under the law of a foreign jurisdiction with which pro hac vice counsel is familiar, specifically: ____________________ ____________________.
- The case requires extensive discovery in a foreign jurisdiction convenient to pro hac vice counsel, as follows: ____________________.
- It is a criminal case, and pro hac vice counsel is defendant's counsel of choice.
- Other: ____________________.

(3)

Plaintiff
By his attorney,

Michael J. Lepizzera, Jr., #4095
Lepizzera and Laprocina
301 Metro Center Blvd., #102
Warwick, Rhode Island 02886
(401) 739-7397
(401) 384-6950 Fax

**TOM MARCELLE**
2 E-COMM SQUARE, 3RD FLOOR
ALBANY, NEW YORK 12207
TELEPHONE: (518) 427-1720
TJMARCELLE@YAHOO.COM

## PROFESSIONAL EXPERIENCE

**PRIVATE PRACTICE** (1991-current)
LITIGATION FOCUSED PRIMARILY ON CRIMINAL, ELECTION, AND CONSTITUTIONAL MATTERS.

**UNITED STATES DEPARTMENT OF JUSTICE** (1990)
TRIAL ATTORNEY WITH CIVIL RIGHTS DIVISION; ENFORCED THE CIVIL RIGHTS OF INSTITUTIONALIZED PERSONS ACT ("CRIPA"); INVESTIGATED FACILITIES; NEGOTIATED WITH STATE OFFICIALS; PROSECUTED STATE FACILITIES FOR CIVIL RIGHTS VIOLATIONS, MONITORED CONSENT DECREES; PROSECUTED CONTEMPT ACTIONS.

## EDUCATION

**CORNELL LAW SCHOOL** (1985-88)

- JURIS DOCTOR, *MAGNA CUM LAUDE* (CONCENTRATION IN ADVOCACY)
- EDITOR, *CORNELL LAW REVIEW*
- AMERICAN JURISPRUDENCE AWARD IN CRIMINAL PROCEDURE
- AMERICAN JURISPRUDENCE AWARD IN FREEDOM OF EXPRESSION
- SEMIFINALIST, MOOT COURT COMPETITION SPRING '87 & FALL '88

**BOWDOIN COLLEGE** (1980-84)

- BACHELOR OF ARTS, PHYSICS, MAY, 1984
- JAMES BOWDOIN SCHOLAR; DEAN'S LIST; 3.6 GPA IN PHYSICS
- HEAD TUTOR FOR PHYSICS DEPARTMENT; OPTICS LAB INSTRUCTOR
- VARSITY WRESTLING TEAM AND RUGBY CLUB
- HOST OF MORNING RADIO SHOW (WBOR 91.1 FM)

# MAJOR CASES

## CONSTITUTIONAL LAW CASES:

• *Good News Club v. Milford Central* School, 533 U.S. 98 (2001): Argued and won before the United States Supreme Court a case that recognized the right of a religious youth group to use school facilities on equal basis as nonreligious youth groups.

• *Osediacz v. Cranston*, 344 F.Supp.2d 799 (DCRI 2004): Successfully defended City's right to allow citizens to erect religious displays on the Lawn of City Hall.

• *Broadus v. Saratoga Central School*, (NNDY 2002): Defended a student's right to say grace with her friends before snack time and lunchtime (TRO and Preliminary Injunction granted. Case settled by school district); the case was the subject of numerous favorable editorials across the Country.

• *Perlee v. Guilderland*, (NDNY 2002): Struck down as unconstitutional municipal sign ordinance that limited political speech (TRO and Preliminary Injunction granted. Case settled by Town).

• *College Standard Magazine v. SUNY Student Assoc.*, (pending; filed 2003): Representing conservative student newspaper that was denied funding while liberal campus groups were granted funding (pending).

• *Amidon v. SUNY Student Assoc.*, (pending; filed 2004): Representing students challenging the constitutionality of the method by which the Student Association funds NYPIRG (pending).

• *Stone v. New York State*, (Pending in NYS Supreme Ct.): Representing parents challenging the constitutionality of New York's home schooling regulations. (pending).

• *Marchi v. BOCES*, 173 F.3d 469 (1998): Defended the right of a high school teacher to close personal letters to parents with the phrase "God Bless you." (2nd Circuit found for School District).

•AUTHOR, *Censoring Religious Speech in the Name of Non-Establishment*, 5 GOVERNMENT, LAW, AND POLICY JOURNAL 19 (Spring 2003).

**CRIMINAL LAW CASES:**

• *Graham v. Ricks*, 2004 WL 768579 (N.D.N.Y.) (actual innocence case) (on appeal in the Second Circuit).

• *Carter v. Lenardo*, (2000): Represented petitioner in habeas corpus proceeding where federal judge vacated state murder conviction (first grant of habeas corpus in murder case in the Northern District of New York (according to Lexis/Westlaw search)).

• *People v. Ruff*, (1993): Argued state's oldest unsolved murder case before Court of Appeals.

• *People v. Price*, (1992): Tried arson-murder of six women and children (dismissal).

• *Mills v. Wachtler*, (1992): Brought suit against Chief Judge to assign more judges to criminal trials to alleviate 2 year backlog (*Gazette* editorial urged the assignment of more judges).

• *People v. White*, (1991): Tried "Boys in the Hood" murder trial (acquittal).

• *People v. Wesley*, (1989): Tried first DNA murder trial in New York State (co-counsel).

## ELECTION LAW CASES:

• *Arbor Hill Concerned Citizens v. County of Albany*, 357 F.3d 260 (2nd Cir., 2004) (successfully intervened and argued for special elections in Albany County Legislature).

• *Shannon v. Jacobowitz*, 394 F.3d 90 (2nd Cir., 2005) (successfully reversed district court's decision which granted an election victory to candidate who complained that broken voting machine cost him the election).

• *Hoblock v. Albany County Bd. of Elections*, 341 F.Supp.2d 169 (NDNY) (successfully enjoined Board of Elections from refusing to count absentee ballots that the New York State Court of Appeals ordered Board not to count) (appeal pending).

• *Mussman v. Scalera*, 03 CV 01068 (Docket) (NDNY 2003) (successfully defended candidate's selection of party name from trademark infringement claim).

## OTHER EXPERIENCES:

- BETHLEHEM TOWN COUNCIL (2001-CURRENT)
- MINORITY COUNSEL TO ALBANY COUNTY LEGISLATURE (2002-CURRENT)
- COUNSEL TO MAYOR STEPHEN LAFFEY (2003-CURRENT)
- COUNSEL TO THE ALBANY COUNTY REPUBLICAN PARTY (CURRENT)
- ASSISTANT PUBLIC DEFENDER ALBANY COUNTY (1988-1989, 1992)
- COUNTY LEGISLATIVE REDISTRICTING COUNSEL IN ALBANY, GREEN, DUTCHESS, AND ULSTER COUNTIES (2000-2001)
- DIRECTOR OF CAPITAL CITY RESCUE MISSION (PRESIDENT 2002-03, BOARD MEMBER SINCE 1994)

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

STEPHEN P. LAFFEY :
Plaintiff :
:
Vs. : NO.05-
:
ROGER N. BEGIN, in his capacity :
as Chairperson of The Rhode Island :
Board of Elections and THE RHODE :
ISLAND BOARD OF ELECTIONS :

05 206

**ATTORNEY'S CERTIFICATION FOR PRO HAC VICE ADMISSION**

(1.) I certify that I am a member in good standing of the bar of the State of New York and the following federal district court bar(s) Northern District of New York and Southern District of New York, without any restriction on my eligibility to practice and that I understand my obligation to notify this Court immediately of any change respecting my status in this respect.

(2.) I am currently admitted, and/or within the preceding 24 months have applied to be admitted, in the following cases in this district: *Osediacz v. City of Cranston*, C.A. No.: 03-6005.

(3.) I have read, acknowledge, and agree to observe and to be bound by the local rules and orders of this Court, including the Rules of Professional Conduct of the Rhode Island Supreme Court, as adopted by this Court as the standard of conduct for all attorneys appearing before it.

(4.) For purpose of this case I have associated with local associate counsel identified below, and have read, acknowledge, and will observe the requirements of this Court respecting the participation of local associate counsel, as set out in Local Rule 5, recognizing that failure to do so my result in my being disqualified, either upon the Court's motion or motion of other parties in the case.

I certify that I have read and join in the foregoing motion, and acknowledge and agree to observe the requirements of local Rule 5 in its entirety and as it related to the participation and responsibilities of local associate counsel.

Tom Marcelle

Michael J. Lepizzera, Jr.

Rhode Island Bar ID#: 4995

Tom Marcelle, Attorney
Firm Name

Lepizzera and Laprocina
Firm Name

Firm Address
2 E-Comm Sq., 3rd Floor
Albany, New York 12202
(518) 427-1720
(518) 427-1764 Fax

Firm Address
301 Metro Center Blvd., #102
Warwick, Rhode Island 02886
(401) 739-7397
(401) 384-6950 Fax

ENTERED as an Order of this Honorable Court on the ____ day of May, 2005.

APPROVED:

ENTERED:

Justice

Clerk