**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **STEPHEN P. LAFFEY** | : | |
| ***Plaintiff*** | : | |
| | : | |
| **Vs.** | : | **C.A. No.** 05-206 ML |
| | : | |
| **STATE BOARD OF ELECTIONS** | : | |
| **And ROGER N. BEGIN, Chairman** | : | |
| ***Defendants*** | : | |

**<u>DEFENDANTS' MOTION TO DISMISS BASED ON ABSTENTION, OR ALTERNATIVELYTO CERTIFY QUESTIONS OF LAW TO RHODE ISLAND SUPREME COURT</u>**

Defendants, the Rhode Island State Board of Elections ("Board") and Chair Roger N. Begin (collectively "Defendants") hereby move this Court to dismiss the Verified Complaint of Plaintiff, Stephen P. Laffey ("Laffey"), for the reasons set forth in the attached memorandum of law.

Defendants,
By their Attorney,

[signature]

Raymond A. Marcaccio, Esquire (#3569)
OLIVERIO & MARCACCIO LLP
55 Dorrance Street, Suite 400
Providence, RI 02903
(401) 861-2900
(401) 861-2922 Fax

Dated: May 11, 2005

**<u>CERTIFICATION</u>**

I hereby certify that a true copy of the foregoing *Motion to Dismiss* was mailed, ~~postage prepaid~~ hand delivered, to Michael J. Lepizzera, Jr., Esquire, LEPIZZERA LAPROCINA, 301 Metro Center Boulevard, Suite 102, Warwick, RI 02886 on the 11th day of May, 2005.

[signature]

4

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **STEPHEN P. LAFFEY** *Plaintiff* | : | |
| **Vs.** | : | **C.A. No.** 05-206 ML |
| **STATE BOARD OF ELECTIONS And ROGER N. BEGIN, Chairman** *Defendants* | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BASED ON ABSTENTION, OR ALTERNATIVELY TO CERTIFY QUESTIONS OF LAW TO RHODE ISLAND SUPREME COURT**

Defendants, the Rhode Island State Board of Elections ("Board") and Chair Roger N. Begin (collectively "Defendants") submit this memorandum in support of their motion to dismiss the complaint of Plaintiff, Stephen P. Laffey ("Laffey"), on abstention grounds.

Laffey has filed a Verified Complaint seeking to enjoin the Board from enforcing its April 26, 2005 order ("Order"). All matters decided by the Board are subject to discretionary review by the State Supreme Court. *See, e.g., Buonanno v. DiStefano,* 430 A.2d 765 (R.I. 1981). Laffey has yet to avail himself of the appellate relief available from the Rhode Island Supreme Court. It is incumbent upon Laffey to exhaust the appellate procedure available in the state courts. The Board hereby states for the record that it will not oppose any review of its April 26, 2005 order by the Rhode Island Supreme Court. Federal courts should refrain from issuing injunctions that interfere with ongoing state court litigation and, in some instances, with state administrative proceedings. *Southern Union Company d/b/a New England Gas Co. v. Patrick Lynch, et al*, 321 F.2d 328, 337 (D.R.I. 2004), citing *Maymo-Melendez v. Alvarez-Ramirez*, 364 F.3d 27, 31 (First Cir. 2004). *See, generally, Younger v. Harris,* 401 U.S. 37 (1971). Since

Laffey has the right to further appellate relief in the state courts, this Court should abstain from hearing this matter.

The Court should also presently abstain from hearing this action pursuant to the doctrine first articulated in *R.R. Comm'n v. Pullman Co.,* 312 U.S. 496 (1941). The *Pullman* abstention doctrine is appropriate in exceptional circumstances:

> [W]hen a federal constitutional claim is premised on an unsettled question of state law, the federal court should stay its hand in order to provide the state courts an opportunity to settle the underlying state law question and thus avoid the possibility of unnecessarily deciding a constitutional question.

*Southern Union Co.*, 321 F.2d at 335, quoting, *Harris County Commissioners Court v. Moore,* 420 U.S. 77, 83 (1975). Where there is (1) a substantial uncertainty over the meaning of a state law at issue and (2) whether a state court's clarification of the law would obviate the need for a federal constitutional ruling, *Ford Motor Co. v. Meredith Motor Co.*, 257 F.3d 67, 71 (First Cir. 2001), it is appropriate for the federal court to abstain its ruling on a constitutional issue, such as the First Amendment claim asserted here. If Laffey filed a petition for writ of certiorari with the Rhode Island Supreme Court, he would have the opportunity to challenge the Board's interpretation of the terms "contributions" and "candidate", as defined by R.I. Gen. Laws § 17-25-3. If the Supreme Court declared that the term "candidate" did not include Laffey, or that the term "contribution" did not include the value of the air time provided by WPRO radio show, the Board's decision could be modified or even vacated by the Supreme Court. Such a Supreme Court ruling would obviate the need for this Court to reach Laffey's First Amendment challenge.

In the alternative, the Board respectfully requests that this Court certify the relevant legal questions concerning the interpretation of the Rhode Island statutes to the state Supreme Court and stay the instant proceeding.

Defendants,
By their Attorney,

Raymond A. Marcaccio, Esquire (#3569)
OLIVERIO & MARCACCIO LLP
55 Dorrance Street, Suite 400
Providence, RI 02903
(401) 861-2900
(401) 861-2922 Fax

Dated: May 11, 2005

**CERTIFICATION**

I hereby certify that a true copy of the foregoing *Motion to Dismiss* was mailed, postage prepaid, to Michael J. Lepizzera, Jr., Esquire, LEPIZZERA LAPROCINA, 301 Metro Center Boulevard, Suite 102, Warwick, RI 02886 on the 11th day of May, 2005.