**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **STEPHEN P. LAFFEY**<br>**Plaintiff** | : | |
| | : | |
| **vs.** | : | **C.A.No.: 05-206 ML** |
| | : | |
| **ROGER N. BEGIN, in his capacity as Chairperson of The Rhode Island Board of Elections and THE RHODE ISLAND BOARD OF ELECTIONS**<br>**Defendant** | : | |

**<u>PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS</u>**

Plaintiff, Stephen P. Laffey, hereby objects to the Motion filed by Defendants Roger N. Begin and The Rhode Island Board of Elections which was filed with the Clerk of the Court on Wednesday, May 11, 2005 and styled "*Defendants' Motion To Dismiss Based on Abstention, Or Alternatively To Certify Questions Of Law To Rhode Island Supreme Court*".[1]

The Plaintiff relies upon the attached Memorandum of Law in support of his objection in addition to any further information and argument presented to the Court at the time of hearing.

For all the foregoing reasons, Plaintiff Stephen P. Laffey respectfully requests that the *Defendants' Motion To Dismiss Based on Abstention, Or Alternatively To Certify*

[1] Although the Defendants' Motion To Dismiss was filed on May 11, 2005, the Court granted the Defendants until Monday, May 16, 2005 at 4:30 pm to file any supplemental material in support of its motion to dismiss. Likewise, the Plaintiff was given the same time period to respond to the motion to dismiss. The Plaintiff has not yet received any supplemental submission by Defendants and therefore the Plaintiff's reply pleadings are strictly in response to the Defendant's original submission.



7

*Questions Of Law To Rhode Island Supreme Court"* be denied in its entirety and that this Court proceed with the merits of the Plaintiff's Complaint.

Respectfully submitted,
Plaintiff, Stephen P. Laffey
By and through his Attorneys,

Michael J. Lepizzera, Jr.
Michael J. Lepizzera, Jr. (Bar No. 4995)
Lepizzera & Laprocina
301 Metro Center Boulevard Suite 102
Warwick, R.I. 02886
Tel: (401) 739-7397
Fax: (401) 384-6950

Tom Marcelle by MJL
Tom Marcelle (admitted *pro hac vice*)
2 E-Comm Sq., 3rd Floor
Albany, New York 12207
Tel: (518) 427-1720
Fax: (518) 427-1764

**CERTIFICATION**

I hereby certify that I faxed a true and accurate copy of the within to Raymond A. Marcaccio, Esq., Oliverio & Marcaccio LLP, 55 Dorrance Street, Suite 400, Providence, RI 02903 at fax number 861-2922 on this 16th day of May, 2005.

Karen Razza
Karen Razza

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **STEPHEN P. LAFFEY** | : | |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | **C.A.No.: 05-206 ML** |
| | : | |
| **ROGER N. BEGIN, in his capacity** | : | |
| **as Chairperson of The Rhode Island** | : | |
| **Board of Elections and** | : | |
| **THE RHODE ISLAND BOARD** | : | |
| **OF ELECTIONS** | : | |
| **Defendant** | : | |

**PLAINTIFF'S MEMORANDUM OF LAW**
**IN SUPPORT OF HIS OBJECTION TO DEFENDANT'S**
**MOTION TO DISMISS**

Defendant censored Steve Laffey. Defendant wants to continue this censorship. In an unprecedented request, defendant asks this Court to turn a deaf hear to plaintiff and to order him to seek redress in the Rhode Island Supreme Court – a court that is not even required to take his case. In the meantime, plaintiff will be kept silent in clear violation of his First Amendment rights. As the First Circuit noted recently, "the delay involved in abstention is especially problematic where First Amendment rights are involved. [Thus, courts should] be particularly reluctant to abstain in cases involving facial challenges based on the First Amendment." *Mangual v. Rotger-Sabat*, 317 F.3d 45, 64 (1st Cir. 2003). Since "[t]he doctrine of abstention ... is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it," Plaintiff humbly requests this Court not to yield to defendant's extreme suggestion it abstain from the exercise of its jurisdiction when plaintiff's speech is being censored.

**A.**

To determine whether *Pullman* abstention is appropriate, a court considers two factors: "(1) whether there is substantial uncertainty over the meaning of the state law at issue; and (2) whether a state court's clarification of the law would obviate the need for a federal constitutional ruling." *Mangual v. Rotger-Sabat*, 317 F.3d 45, 63 (1st Cir. 2003).[1]

Defendant has not yet stated what part of its statute needs clarification. The term that defines candidate is clear and unambiguous. Moreover, plaintiff does not contest (and would not contest) Rhode Island's right to define a candidate as it wishes. The Rhode Island Supreme Court cannot construe the definition of an "in-kind" contribution in R.I.G.L. Section 17-25-10.1 to be constitutional because the term is completely undefined. With the term undefined "the question is less one of construal of an unclear issue than of judicial rewriting of the statute." *Mangual,* 317 F.3d at 63.

Moreover, the state court is an inadequate forum to review the statute. Review of the Board's decision by the Rhode Island Supreme Court is discretionary.[2] The Board's interpretation of the statute that it enforces receives great deference. *See Pawtucket Power Associates Limited Partnership v. City of Pawtucket*, 622 A.2d 452, 456-457 (R.I. 1993) (deference to an administrative agency's interpretations of statutes governing it "is accorded even when the agency's interpretation is not the only permissible interpretation that can be applied."). *See also Defenders of Animals , Inc.*

---

[1] Defendant also has raised an exhaustion of remedies argument. That argument is without any merit. The Supreme Court has ruled that a plaintiff need not exhaust his state judicial or administrative remedies before bringing a §1983. *Patsy v. Board of Regents of State of Fla.*, 457 U.S. 496, 502 (1982).

[2] The R.I. Supreme Court has the discretion to hear an appeal directly from the Board of Elections instead of from the Superior Court "because of public concern." *Ball v. Board of Elections,* 102 R.I. 227, 231 (1967). However, this would be an "extraordinary writ" under R.I. Supreme Court Appellate Procedure Rule 13, and this petition must indicate "why the relief sought is not available in any other court."

*v. Department of Environmental Management*, 553 A.2d 541, 543 (R.I. 1989) ("this court attributes great weight to an agency's construction of a regulatory statute when the statute's provisions are unclear."). Thus, even if the Rhode Island Supreme Court granted review, it would not review plaintiff's case *de novo*.

*Pullman* abstention is based on respecting the State's role in interpreting its statute. The State of Rhode Island has been respected. The Board, that branch of Rhode Island government whose role it is to construe and enforce the State's Election Law, heard plaintiff's case and had a full opportunity to interpret its statute. This is not a case where the plaintiff had tried to circumvent or enjoin the Rhode Island Board of Elections from acting. Plaintiff did not side step Rhode Island's process, he submitted to it and was censored. The motivating factor of abstention, deference to State procedure and law has been satisfied in this case. Forcing plaintiff to seek a discretionary writ from the Rode Island Supreme Court only adds delay in a case where plaintiff is being censored and will continued to be censored if this Court abstains.

In the end, defendant's plea for this Court to refuse jurisdiction is based on its preference for its case to be heard in state court. The First Circuit has rejected this argument. "That the defendants may prefer to have the federal constitutional ruling made by a [Rhode Island] court rather than by a federal court is of no moment. The [Rhode Island] courts would be faced with exactly the same issues as this Court--issues which are federal ones and not ones of [Rhode Island] law. The plaintiff is entitled to his federal forum. Were [the Court] to abstain in this matter, [it] would merely await an attempt to vindicate the same claim in a state court and that [the Court] may not do." *Mangual*, 317

F.3d at 31. The defendant has not made a case under the *Pullman* doctrine; the Court should not stay its jurisdiction.

**B.**

Even if defendant satisfies both *Pullman* criteria, which it does not, satisfaction of both criteria does not automatically require abstention. The power is thus discretionary. "The abstention doctrine is not an automatic rule applied whenever a federal court is faced with a doubtful issue of state law." *Baggett v. Bullitt,* 377 U.S. 360, 375 (1964). Abstention is the exception, not the rule. "The doctrine of abstention ... is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 813 (1976). Given the nature of a First Amendment injury and the delay that abstention would entail, the federal courts have almost uniformly refused to apply the abstention doctrine in cases that raise First Amendment challenges.[3]

The abstention doctrine's use in the First Amendment context is exceedingly rare. The Supreme Court has "held that abstention is inappropriate for cases where statutes are justifiably attacked on their face as abridging free expression. *In such cases to force the plaintiff who has commenced a federal action to suffer the delay of state-court proceedings might itself effect the impermissible chilling of the very constitutional right*

[3] In addition to reluctance to abstain in a First Amendment case, courts are also reluctant to abstain in §1983 cases. Notion of respect for the states is the driving force behind abstention. This motivation is of less force in §1983 cases. Section 1983 was a crucial ingredient in the basic alteration of our federal system accomplished during the Reconstruction Era. During that time, the Federal Government was clearly established as a guarantor of the basic federal rights of individuals against incursions by state power. "The very purpose of §1983 was to interpose the federal courts between the States and the people, as guardians of the people's federal rights--to protect the people from unconstitutional action under color of state law, whether that action be executive, legislative, or judicial." *Patsy v. Board of Regents of State of Fla.*, 457 U.S. 496, 503 (1982).

*he seeks to protect.*" *City of Houston v. Hill*, 482 U.S. 451, 467-68 (1987) (internal quotations and citations omitted) (emphasis added).

Of course this case involves more than the chilling of speech, it involves outright censorship. The delay caused by the abstention doctrine during a period of time when plaintiff would be censored, is reason alone to decline to invoke the unusual and extraordinary doctrine of abstention. As the First Circuit noted recently, "the delay involved in abstention is especially problematic where First Amendment rights are involved. [Thus,], we have been particularly reluctant to abstain in cases involving facial challenges based on the First Amendment.". *Mangual* 317 F.3d at 64.

Not surprisingly, many other federal district courts have reached the same conclusion. For example, in *Landell v. Sorrell*, 118 F.Supp.2d 459 (D.Vt. 2000), the court refused to abstain on *Pullman* abstention grounds because the delay would impede plaintiffs' exercise of their First Amendment rights during election campaigns. Likewise, in *Kansans For Life, Inc. v. Gaede*, 38 F.Supp.2d 928 (D.Kan., 1999), the court declined to invoke *Pullman* abstention in a case involving a state statute requiring disclosure of funding for radio advertisement because waiting for state court action would impose excessive delay on plaintiffs whose First Amendment rights were being chilled. Finally, in *Abrams v. Reno*, 452 F.Supp. 1166 (S.D.Fla., 1978), the court, given the threat to the exercise of free speech, refused to abstain from determining the facial validity of a Florida statute which imposed a direct prior restraint on a political party's endorsement of or opposition to a candidate in a primary election.

The other Circuit Courts of Appeals, like the First Circuit, have been reluctant to apply *Pullman* abstention to First Amendment cases. The Third Circuit, for example, in

*Stretton v. Disciplinary Bd. of Supreme Court of Pennsylvania*, 944 F.2d 137 (3rd Cir., 1991), would not abstain from hearing a First Amendment challenge to a provision of Pennsylvania's law that prohibited judicial candidates from discussing political issues, even though the controversy involved unsettled issues of state law, because of the delay involved in abstention. Similarly in *Porter v. Jones*, 319 F.3d 483, 487 (9th Cir. 2003), the Ninth Circuit noted that it is rarely appropriate for a federal court to abstain under *Pullman* in a First Amendment case, because there is a risk in First Amendment cases that the delay that results from abstention will itself chill the exercise of the rights that the plaintiffs seek to protect by suit. Finally in *Vermont Right to Life Committee, Inc. v. Sorrell*, 221 F.3d 376 (2nd Cir. 2000), the Second Circuit noted that abstention was inappropriate in a case challenging a state campaign finance statute because the delay of state court proceedings itself would result in the impermissible chilling of plaintiff's First Amendment rights.

This case involves more than the chilling of speech, it involves outright censorship. *"If abstention is normally unwarranted where an allegedly overbroad state statute, challenged facially, will inhibit allegedly protected speech, it is even less appropriate here, where such speech has been specifically prohibited." Bad Frog Brewery, Inc. v. New York State Liquor Authority*, 134 F.3d 87 (2nd Cir. 1998) (emphasis added). Defendant seeks the continuance of its censorship leaving plaintiff without timely redress. Defendant's request for piecemeal litigation cannot remedy the harm – the ongoing censorship. Thus, a petition for writ of certiorari or certification is an inadequate procedure to protect plaintiff's rights.

The First Circuit has noted that the use of the abstention doctrine is extraordinary. There is nothing extraordinary about this case. This Court has many times heard challenges to the Rhode Island Election Law. Abstaining is this case would represent a radical departure from the practice and history of this Court in cases involving clashes between Rhode Island's Election Law and the First Amendment of the United States Constitution. This Court's history and practice has been consistent – it has not abstained in matters dealing with Rhode Island election law. *See e.g., Yale v. Curvin*, 345 F.Supp. 447 (D.R.I. 1972), *McCarthy v. Garrahy*, 460 F.Supp. 1042 (D.R.I. 1978), *Felice v. RI Bd. of Elections*, 781 F.Supp. 100 (D.R.I. 1991), *Duke v. Connell*, 790 F.Supp. 50 (D.R.I. 1992), *Charlestown Democratic Town Committee v. Connell*, 789 F.Supp. 517 (D.R.I. 1992), *Vote Choice , Inc. v. DiStefano*, 814 F.Supp. 195 (D.R.I. 1993) (TRO granted in that case), *Pogany v. Medeiros*, 847 F.Supp. 10 (D.R.I. 1994), *Driver v. DiStefano*, 914 F.Supp. 797 (D.R.I. 1996), *Gill v. Rhode Island*, 933 F.Supp. 151 (D.R.I. 1996), *Cool Moose Party v. State*, 6 F.Supp. 2d 116 (D.R.I. 1998).[4] The Court, consistent with the long history and precedent of this Court should not stay its jurisdiction.

## CONCLUSION

For the above stated reasons and for any other reasons that the Court deems wise, just, or proper, plaintiff requests that the Court deny defendant's application for abstention. Plaintiff asks this Court to grant his motion for a T.R.O. and lift the censorship imposed by defendant. Plaintiff further requests that in the event the Court does not immediately enjoin defendant from enforcing its order censoring plaintiff's

[4] Due to page limitations, plaintiff has not addressed the clash between the federal preemption doctrine and the abstention doctrine. Courts have held that concerns for maintaining federal respect for state law and policy are not implicated when Supremacy Clause questions are presented because such questions are essentially ones of federal policy, and therefore, abstention is not appropriately invoked in a preemption case. *See e.g., In re Pan American Corp.*, 950 F.2d 839, 847 (2d Cir.1991)

speech, this Court stay any action sufficient for the plaintiff to file and to take an emergency appeal to the United States Court of Appeals for the First Circuit.

Respectfully submitted,
Plaintiff, Stephen P. Laffey
By and through his Attorneys,

Michael J. Lepizzera, Jr.
Michael J. Lepizzera, Jr. (Bar No. 4995)
Lepizzera & Laprocina
301 Metro Center Boulevard Suite 102
Warwick, R.I. 02886
Tel: (401) 739-7397

Tom Marcelle /by MJLJ
Tom Marcelle (admitted *pro hac vice*)
2 E-Comm Sq., 3rd Floor
Albany, New York 12207
Tel: (518) 427-1720
Fax: (518) 427-1764

**CERTIFICATION**

I hereby certify that I faxed a true and accurate copy of the within to Raymond A. Marcaccio, Esq., Oliverio & Marcaccio LLP, 55 Dorrance Street, Suite 400, Providence, RI 02903 at fax number 861-2922 on this 16th day of May, 2005.

Karen Razza
Karen Razza