UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

STEPHEN P. LAFFEY

v. CA 05-206ML

ROGER N. BEGIN, Chairman,
State Board of Elections and
STATE BOARD OF ELECTIONS

MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion to dismiss. Plaintiff has filed an "objection," however, he asks that he "be allowed to voluntarily dismiss his case without prejudice . . . in light of the change in circumstances that has taken place since the date he first filed his Complaint with this Court." Plaintiff advises that his recent declaration of his intention to run for a seat in the U.S. Senate renders this case moot.

Rule 41(a)(1)(i) of the Fed. R. Civ. P. provides, in part, that

> "an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs. . . ."

In this case, defendants have not filed an answer or a motion for summary judgment. Defendants have filed two motions to dismiss. One was filed on May 11, 2005, based on the abstention doctrine. That motion remains pending. The instant motion was filed on September 6, 2005; it appears to be based on plaintiff's failure to prosecute the action. The Court notes that after plaintiff took an interlocutory appeal to the First Circuit Court of Appeals, both sides agreed to the entry of a "Stipulated Order to Stay Further Proceedings," entered July 18, 2005. That order provided, in part, that "[t]he

Plaintiff shall file a petition for a writ of certiorari with the Rhode Island Supreme Court, to be joined by Defendants." The order further provided that this case would be stayed pending resolution of the petition for writ of certiorari. Plaintiff has not, as of the filing of the instant motion to dismiss, filed a petition for writ of certiorari with the Rhode Island Supreme Court. Defendants now seek a dismissal of "this case in its entirety" with prejudice.

In his response to the motion to dismiss, plaintiff "suggests that he be allowed to voluntarily dismiss his case without prejudice. . . ." The Court takes plaintiff's response as a "notice of dismissal" filed pursuant to Fed. R. Civ. P. 41(a)(1)(i). Since plaintiff has complied with the requirements of Fed. R. Civ. P. 41(a)(1)(i), this Court has no authority to dismiss with prejudice. See Universidad Central Del Caribe, Inc. v. Liaison Committee on Medical Education, 760 F.2d 14 (1st Cir. 1985).

Accordingly, this case is dismissed without prejudice.

SO ORDERED:

Mary M. Lisi
United States District Judge
October 3, 2005